1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHRISTOPHER A. JONES,

   Plaintiff,

v.

DWIGHT NEVEN, et al.,

   Defendant.

2:07-CV-1088 JCM (GWF)

Date:  N/A
Time:  N/A

**ORDER**

   Presently before the court is the defendants' motion to dismiss (Doc. # 51) filed on February 8, 2008.  The plaintiff filed a pro se opposition to the motion to dismiss, and a counter-motion to stay summary judgment (Doc. # 55) on February 29, 2008.  Defendants filed a reply and opposition to the counter-motion on March 17, 2008 and filed a motion to strike (Doc. # 60) the plaintiff's exhibits on March 18, 2007.  Plaintiff filed a reply (Doc. # 61) in support of the counter motion to stay and a response (Doc. # 62) to the defendants' motion to strike on March 27, 2008.  The defendants filed a reply in support of the motion to strike on April 11, 2008.

   <u>BACKGROUND</u>

   The plaintiff alleges that the state defendants violated his civil rights under the Eighth and Fourteenth Amendment of the United States Constitution.  Specifically, he alleges that defendants violated his rights by exposing him to unreasonable levels of environmental tobacco smoke ("ETS").  According to plaintiff, in January 2006, contrary to his medical designation as a

James C. Mahan
U.S. District Judge

non-smoker, defendants assigned plaintiff, an inmate at High Desert State Prison, a cell-mate who was smoker. (*See* Doc. # 14, at 5-21). Additionally, the plaintiff alleges that in April 2006, on two separate occasions, defendants moved him to different cells and paired with cell-mates who were also smokers.

Plaintiff also alleges that defendants violated his Eighth and Fourteenth Amendment rights when he was forced to sleep on the floor of a segregation cell after a dispute. (*See id.*) During the four days that he was confined under these conditions, he alleges that the lights were turned on for twenty-four hours a day. (*See id.*).

Lastly, plaintiff asserts a claim under 42 U.S.C. § 1983, alleging defendants violated his Eighth Amendment rights when prison medical personnel failed to inform him that he had hepatitis C. (*See id.* at 25-28). Plaintiff claims that defendant MacArthur denied him treatment for hepatitis C and alleges medical malpractice under Nev. Rev. Stat. § 41A.015. (*See id.* at 29).

The defendants' motion to dismiss (Doc. # 51) and reply (Doc. # 57) assert grounds to dismiss each of these allegations. First, the defendants argue that their status as state employees entitles them to qualified immunity. (*See* Doc #51 at 4). Second, defendants argue that there is no documented medical reason requiring plaintiff to be housed in a non-smoking cell. (*See id.* at 8–10). Defendants also note that since January 1, 2007, per newly enacted Nevada Revised Statutes, smoking is no longer permitted in prison cells and all Nevada Department of Corrections facilities. (*See* Doc. # 51 at 7; Nev. Rev. Stat. § 2491 and § 209.131; NDOC Admin. Reg. 115).

Third, in response to plaintiff's allegations about the conditions of confinement, defendants argue that the plaintiff failed to allege facts that the alleged conditions exposed plaintiff to a substantial risk of harm or that the named defendants acted with deliberate indifference to inmate health or safety.

Fourth, defendants argue that they were not deliberately indifferent to plaintiff's medical needs because the hepatitis C condition is being monitored and tests indicate that he is asymptomatic. Defendants respond to the medical malpractice claim by noting that the plaintiff

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  failed to file an affidavit by a medical expert who practices in an area similar to the area where

2  the alleged malpractice occurred.

3      Additionally, plaintiff's counter-motion argues that the defendants' motion for summary

4  judgment should be stayed because he did not have the opportunity to examine the attached

5  exhibits.  Defendants oppose the counter-motion by arguing that under NDOC Administrative

6  Regulation 639, prison inmates are not permitted to have a copy of their medical records.  (*See*

7  Doc. # 60 at 2:21-22).

8      Lastly, defendants' motion to strike plaintiff's exhibits argues that the affidavits

9  submitted in support of plaintiff's opposition are inadmissible hearsay because the plaintiff has

10 no personal knowledge of the documents. (*See* Doc. # 60 at 8:9).

11

12                          ANALYSIS

13     Under Fed. R. Civ. P. 12(b)(6), when considering a motion to dismiss for failure to state a

14 claim upon which relief can be granted, the court construes allegations made in the complaint as

15 true and in a light most favorable to the non-moving party.  *Russell v. Landrieu,* 621 F.2d 1037

16 (9th Cir. 1980).  Although courts have an obligation to construe pro se pleadings liberally, "[p]ro

17 se litigants must follow the same rules of procedure that govern other litigants." *King v. Attiyeh,*

18 814 F.2d 565, 567 (9th Cir. 1987).

19     Additionally, under Fed. R. Civ. P. 12(b)(6), where a motion to dismiss includes facts

20 outside of the pleadings, the court may treat that filing as a Fed. R. Civ. P. 56 motion for

21 summary judgment.

22

23 **I.    THE COURT MUST GRANT DEFENDANTS SUMMARY JUDGMENT**
        **BECAUSE THE PLAINTIFF'S CONSTITUTIONAL RIGHTS WERE NOT**
24      **VIOLATED.**

25     Under Fed. R. Civ. P. 12(b)(6), if a motion to dismiss presents matters outside of the

26 pleadings, the court will treat the motion as one for summary judgment.  According to Fed. R.

27 Civ. P. 56(c), the moving party is entitled to judgment as a matter of law where, viewing the

28

James C. Mahan
U.S. District Judge                              - 3 -

1   evidence and inferences in favor of the non-moving party, there are no issues of material fact in

2   dispute. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996).

3       The moving party bears the burden of informing the court of the basis for its motion,

4   together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex*

5   *Corp.v. Catrett,* 477 U.S. 317, 323 (1986). In a motion for summary judgment, when the moving

6   party has met its burden, the opposing party may not rest on mere allegations or denials, but must

7   set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,*

8   *Inc.,* 477 U.S. 242, 248 (1986).

9       **A.    Defendants Did Not Violate the Plaintiff's Constitutional Rights By Not
              Assigning Him to a Smoke-free Cell.**

10      The plaintiff claims that his rights under the Eighth and Fourteenth Amendment of the

11  United States Constitution were violated by exposure to unreasonable levels of tobacco smoke.

12  The plaintiff also claims that medically he must be assigned to a non-smoking cell with a non-

13  smoking cell-mate.

14      Pursuant to recently enacted provisions of the Nevada Revised Statutes and the Nevada

15  Clean Indoor Air Act, the Nevada Department of Corrections (NDOC) instituted Administrative

16  Regulation 115 that prohibits smoking within the NDOC, including inmate cells. *(See* Nev. Rev.

17  Stat. § 202.2491; Nev. Rev. Stat. § 209.131; Doc. # 51, Exh. A). This court finds that the

18  plaintiff's claim regarding his assignment to a smoking cell and cell-mate is now moot.

19      According to the Supreme Court, under the Eighth Amendment, a plaintiff states a cause

20  of action by alleging that the defendants have, "with deliberate indifference, exposed him to

21  levels of [environmental tobacco smoke] that pose an unreasonable risk of serious damage to his

22  health." *Helling v. McKinney,* 509 U.S. 25, 35 (1993). As part of its objective analysis, a court

23  must conduct a scientific inquiry as well as "assess whether society considers the risk that the

24  prisoner complains of to be so grave that it violates contemporary standards of decency to expose

25  *anyone* unwillingly to such a risk." *Id.* at 36.

26      Unlike in *Helling,* where the prisoner's cell-mate smoked five packs of cigarettes per day,

27  the plaintiff's complaint does not allege unreasonably high levels of smoke that would violate

28

**James C. Mahan
U.S. District Judge**

1    societal standards of decency regarding such exposure.  (*See* Doc. # 14).  Additionally, the

2    plaintiff's amended complaint indicates that the defendants responded to the plaintiff's

3    grievances by checking his medical records and finding no classification or medical reason

4    requiring a smoke-free cell.  (*See generally* Doc. # 41, Exh. A).  After reviewing the evidence in

5    the record, the court finds that apart from a housing classification requiring a bottom bunk to

6    accommodate a back injury, there is no medical designation for a smoke-free cell.  (*See id.*)

7    Therefore, defendants did not violate the plaintiff's constitutional rights by not assigning him to a

8    smoke-free cell.

**B**.    **Defendants Were Not Deliberately Indifferent to the Plaintiff's Confinement Conditions.**

Prison officials have a duty to provide prisoners with adequate shelter, food, clothing,

sanitation, medical care, and personal safety.  *Rhodes v. Chapman,* 452 U.S. 337, 348 (1981).  To

hold a prison official constitutionally liable, the alleged deprivation must be "sufficiently

serious" and result in the denial of "minimal civilized measure of life's necessities." *Wilson v.*

*Seiter,* 501 U.S. 294, 298 (1991); *Rhodes,* 452 U.S. at 347.   Additionally, a plaintiff must allege

facts that the prison official acted with deliberate indifference.  *Farmer,* 511 U.S. at 837.  The

Supreme Court defines deliberate indifference as where an official is "aware of the facts from

which the inference could be drawn that a substantial risk of serious harm exists, and he must

also draw the inference." *Id.*

The court finds that the plaintiff failed to identify the harm that resulted from the alleged

conditions and the facts from which the prison official could infer that there was a substantial

risk of harm to the prisoner's health or safety.  Although the plaintiff alleges that his

sleeplessness resulted from the conditions of confinement, the medical records note sleeplessness

as a recurring problem for other reasons. Under these circumstances, the court finds that the

alleged conditions of confinement and alleged harm do not rise to the level of a constitutional

claim.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

**C.      Defendants Were Not Deliberately Indifferent to Plaintiff's Medical Needs.**

According to the Supreme Court, deliberate indifference to a prisoner's medical needs "constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment" and is a cause of action under 42 U.S.C. § 1983. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). When alleging such a violation, the plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. Furthermore, in the Ninth Circuit, the test for deliberate indifference is: 1) that the indifference could result in further significant injury and 2) that there was a purposeful act or failure to respond to prisoner's pain or medical need which resulted in harm. *Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir. 2006).

Here, the plaintiff alleges that his hepatitis C condition requires additional medical testing and treatment. However, medical records note that subsequent follow-up indicated that there was no need for treatment as long as the plaintiff remains asymptomatic. Although the plaintiff alleges that prison medical personnel failed to disclose medical information to him, the evidence indicates that the plaintiff never inquired about the laboratory test results, even though, at the time, he was communicating with medical personnel in preparation for back surgery. The plaintiff has not fulfilled the two-part test required as proof of deliberate indifference. Therefore, the court finds that the prisoner received adequate medical care in the form of testing, follow-up testing, and continued monitoring and that these acts do not constitute an Eighth Amendment constitutional violation.

**II.      PLAINTIFF'S CLAIM FOR MEDICAL NEGLIGENCE IS DISMISSED WITHOUT PREJUDICE.**

Under Nev. Rev. Stat. § 41A.071, an action for medical malpractice must be accompanied by an affidavit "submitted by a medical expert who practices or has practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged malpractice." According to the Nevada Supreme Court, the primary goal of requiring an

**James C. Mahan**
**U.S. District Judge**

1   affidavit is to "deter frivolous litigation and identify meritless malpractice lawsuits at an early

2   stage." *Syzdel v. Markman,* 117 P.3d 200, 204 (2005).

3          Here, the defendant alleges a claim under Nev. Rev. Stat. § 41A.015  for "professional

4   negligence" against the defendant Dr. MacArthur and argues that it is distinct from a medical

5   malpractice claim as listed in Nev. Rev. Stat. § 41A.071.  The Nevada Revised Statutes define

6   medical malpractice as "the failure of a physician, hospital, employee of the hospital in rendering

7   services, to use the reasonable care, skill, or knowledge ordinarily used in similar

8   circumstances."  *See* Nev. Rev. Stat. § 41A.009.  Reading together the statutes on professional

9   negligence and medical malpractice, both of which fall under the chapter "Action for Medical or

10  Dental Malpractice," the court holds that it would be inconsistent not to apply the affidavit

11  requirement to the present claim.  To hold otherwise would create a means to circumvent Nev.

12  Rev. Stat. § 41A.071 by artful pleading.  This court finds that the plaintiff failed to submit the

13  required affidavit of a medical expert supporting the allegations.

14         Plaintiff's claim for professional negligence against Defendant Dr. MacArthur is hereby

15  dismissed, without prejudice.

16

17  **III.    DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.**

18         According to the Supreme Court, government officials performing discretionary functions

19  are shielded under qualified immunity "from liability for civil damages insofar as their conduct

20  does not violate clearly established statutory or constitutional rights which a reasonable person

21  would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).  To determine whether a

22  state official's actions fall under qualified immunity, a court must inquire whether 1) the alleged

23  facts, viewed in a light favorable to the plaintiff, demonstrate that the defendant violated a

24  constitutional right, and 2) if that constitutional right was clearly established at the time of the

25  alleged incident.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

26         Here, even if the court were to conclude that plaintiff's constitutional claims were

27  cognizable, defendants would still prevail on the basis of qualified immunity.  The facts set forth

28

**James C. Mahan**
**U.S. District Judge**

in support of the plaintiff's constitutional claims do not rise to the level of clearly established constitutional rights violations which a reasonable person would have known. Therefore, the court holds that, assuming *in arguendo* the plaintiff has demonstrated violations of constitutional rights, the defendants are entitled to qualified immunity.

**IV.    PLAINTIFF'S COUNTERMOTION TO STAY DEFENDANTS' MOTION TO DISMISS IS DENIED AND THE DEFENDANTS' MOTION TO STRIKE IS GRANTED.**

Under *Tatum v. City of San Francisco* and Fed. R. Civ. P. 56(f), a party may move for a stay of the motion for summary judgment ruling by providing an affidavit including: 1) a description of the specific discovery that the movant seeks, 2) an explanation of how that discovery will preclude the entry of summary judgment, and 3) a statement justifying why the discovery has not and could not take place earlier. 441 F.3d 1090, 1100 (9th Cir. 2006). Additionally, the party seeking additional discovery bears the burden of demonstrating that the evidence exists. *Terrell v. Brewer,* 935 F.2d 1015, 1018 (9th Cir. 1991).

Here, the court finds that the affidavit accompanying the plaintiff's counter-motion is inadmissible because he lacks the requisite personal knowledge as an author or custodian of the records. Furthermore, the affidavit is insufficient because the plaintiff does not demonstrate that the additional discovery he seeks would ultimately preclude summary judgment.

Under Nevada Department of Correction Administrative Regulation 639, prison inmates may access their medical records under supervision once per calendar year and may request photocopies only upon demonstrating cause. Although the records indicate that the plaintiff examined his medical records in 2006, prior to filing his complaint, the plaintiff fails to provide the court with discoverable facts that are in the medical records.

Therefore, plaintiff's counter-motion to stay motion to dismiss or conversion to summary judgment is hereby denied.

Defendants' motion to strike unauthenticated documents is hereby granted.

**James C. Mahan**
**U.S. District Judge**

1

**CONCLUSION**

2          UPON CONSIDERATION of the defendants' motions (Doc. ## 51, 60) and the

3    plaintiff's counter-motion (Doc. # 55), and the papers and pleadings on file in this matter,

4          IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion for

5    summary judgment (Doc. # 51) and motion to strike the plaintiff's exhibits (Doc. # 60) be, and

6    the same hereby are, GRANTED.

7          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff's counter-

8    motion to stay summary judgment (Doc. # 55), be and the same hereby is, DENIED.

9          DATED  May 14, 2008.

10

11          _____
           **UNITED STATES DISTRICT JUDGE**
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28