# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHRISTOPHER A. JONES,                 )
                                       )
                  Plaintiff,   )    Case No. 2:07-cv-01088-JCM-GWF
                                       )
vs.                                    )    **ORDER**
                                       )
DWIGHT NEVEN, *et al.*,                )
                                       )
                  Defendants.  )
_____)

      This matter is before the Court on Plaintiff's Motion for Order (#97), filed November 16, 2010. Plaintiff requests that this Court order Defendants to file an answer to his complaint. (*Id.*) To date, Defendants have not responded to the present motion and the time for opposition has now passed. LR 7-2(d) states in pertinent part, that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Based on Defendants' failure to respond and the Ninth Circuit's decision remanding this action, the Court will grant the present motion.

## BACKGROUND

      On August 30, 2007, Plaintiff Christopher Jones filed his Amended Complaint. (#14). In lieu of answering the complaint, Defendants filed a motion to dismiss. (#51). Finding that Defendants' motion included facts outside of the pleadings, the Court treated Defendants' motion to dismiss as a Fed. R. Civ. P. 56 motion for summary judgment. (*See* #70). On May 14, 2008, the Court granted the motion for summary judgment and entered judgment for Defendants. (*Id.*; #79). Plaintiff appealed the Court's decision to the Ninth Circuit Court of Appeals, which remanded the case in part. (#90).

. . .

. . .

The Ninth Circuit found that Defendants had failed to serve on Plaintiff a copy of all of the documentary evidence submitted with Defendants' dispositive motion. (*Id.*) In addition, the Court of Appeals found that Jones was not afforded "an adequate opportunity to obtain and submit rebuttal evidence" prior to the Court's ruling on the motion for summary judgment. (*Id.*) Accordingly, the Ninth Circuit partially remanded the case[1] and held that Plaintiff should be permitted to engage in discovery to obtain rebuttal evidence prior to the Court's consideration of any motion for summary judgment filed by Defendants. (*Id.*)

In light of the Ninth Circuit's decision and Defendants' failure to respond to the present motion, the Court will order Defendants to file an answer to Plaintiff's amended complaint (#14). In addition, the Court will enter a discovery order. Should Defendants choose to do so, they may file their motion for summary judgment or an amended motion for summary judgment once Plaintiff has had time to engage in discovery.

The Court also notifies Defendants that they should serve Jones with a copy of each page of documentary evidence submitted for the District Court's consideration at the same time that Defendants file such evidence with the Court. Accordingly,

**IT IS HEREBY ORDERED** that Defendants shall file with the Court and serve upon Plaintiff an answer to Plaintiff's Amended Complaint (#14) on or before **January 4, 2011**.

**IT IS FURTHER ORDERED**:

1.  Any and all pleadings that may be brought under Fed. R. Civ. P. 13 & 14, or joining additional parties under Fed. R. Civ. P. 19 & 20, shall be filed within **60 days** from the date of this Order. Any party causing additional parties to be joined or brought into this action shall contemporaneously therewith cause a copy of this Order to be served upon the new party or parties.

2.  Amendments to pleadings as provided for under Fed. R. Civ. P. 15, if the same are allowed without leave of court, or motions for leave to amend, shall comply with LR 15-1 and shall be filed and served within **60 days** from the date of this Order.

---

[1] The Ninth Circuit affirmed the District Court's dismissal without prejudice of Jones' claim for professional negligence. (#90 at 3).

      3.      Any discovery motions shall be filed and served no later than **80 days** from the date of this Order.

      4.      Motions for summary judgment shall comply with the requirements of LR 56-1 and shall be filed and served no later than **30 days after the close of discovery.**

      5.      Any motion filed beyond the time limit fixed by this Scheduling Order shall be stricken, unless the Court grants an exception for good cause shown.

      6.      **DISCOVERY:** Pursuant to LR 16-1(b), discovery in this action shall be completed on or before **90 days** from the date of this Order.

      7.      **EXTENSIONS OF DISCOVERY:** Pursuant to LR 26-4, an extension of the discovery deadline will not be allowed without a showing of good cause. All motions or stipulations to extend discovery shall be received by the Court at least **20 days** prior to the date fixed for completion of discovery by this Scheduling Order, or at least **20 days** prior to this expiration of any extension thereof that may have been approved by the Court. The motion or stipulation shall include:

      (a)      A statement specifying the discovery completed by the parties of the date of the motion or stipulation;

      (b)      A specific description of the discovery which remains to be completed;

      (c)      The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and

      (d)      A proposed schedule for the completion of all remaining discovery.

      8.      In the event that the Federal Rules of Civil Procedure provide for any shorter time periods for the filing of motions or pleadings, said shorter time limits shall apply notwithstanding the time limits set forth in this Scheduling Order. Pursuant to the authority given to the Court in Fed. R. Civ. P. 16(b), motions for summary judgment under Fed. R. Civ. P. 56 must be filed no later than the time provided in paragraph 4 of this Order.

      9.      **PRETRIAL:** Pursuant to LR 16-3(a), the Clerk shall issue a Pretrial Notice Order five (5) days past the date for filing motions for summary judgment or all motions for summary judgment are denied, whichever is later.

. . .

10.	Any party who desires an amendment to this Scheduling Order shall, within **60 days** hereof, file and serve a statement of proposed amendments and the reasons therefor.  Each other party shall have **15 days** within which to file and serve a response thereto.  After expiration of the 60-day period, any amendment of this Scheduling Order shall be granted only upon motion and good cause shown.

11.	In all cases where a party or counsel is required to effect service hereunder, a certificate of such service shall be filed forthwith with the Clerk of the Court.

DATED this 15th day of December, 2010.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge