UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER A. JONES,<br><br>    Plaintiff,<br><br>v.<br><br>DWIGHT NEVEN, et al.,<br><br>    Defendant. | 2:07-CV-1088 JCM (GWF)<br><br>Date:    N/A<br>Time:    N/A |

### ORDER

Presently before the court is *pro se* plaintiff Christopher A. Jones' motion to strike. (Doc. #262). Defendants James Cox, et. al. filed a response to this motion. (Doc. #270). Plaintiff then filed a reply. (Doc. #273).

The instant motion (doc. #262) seeks to strike portions of an exhibit to defendant's response to plaintiff's motion for summary judgment (doc. #257, ex. G). Exhibit G is defendant Isidro Baca's declaration. (Doc. #257, Ex. G). Plaintiff argues that portions of this declaration must be stricken because: (1) it is in violation of Federal Rule of Evidence 404(b), and (2) it lacks personal knowledge.

First, plaintiff moves to strike portions of Baca's declaration that refer to prior prison disciplinary charges. On April 23, 2006, prison disciplinary charges were entered against plaintiff in connection with plaintiff's attempts to organize inmates, interfere with staff, and failure to follow

**James C. Mahan**
**U.S. District Judge**

1  rules. Nine days later, on May 2, plaintiff again was charged for abusive language, interfering with
2  staff, and disobedience. After the May 2, charges, plaintiff was placed in SA cell #3, which gave rise
3  to the instant action.
4        Plaintiff argues that the portions of Baca's declaration discussing disciplinary charges entered
5  against plaintiff on April 23, 2006, should be stricken because they are improper character evidence
6  pursuant to Federal Rule of Evidence 404(b). (Doc. #262). Defendants respond that this evidence
7  is not offered to establish plaintiff's character, but rather, to show that plaintiff's deteriorating
8  behavior and eroding responsiveness to authority gave defendants an innocent reason to move
9  plaintiff to SA cell #3. (Doc. #270).
10       Here, the April 23, 2006, charges are not being used to prove plaintiff's character "in order
11 to show that on a particular occasion the person acted in accordance with the character." FED. R.
12 EVID. 404(b). Instead, this evidence is being used to illustrate the events leading up to the May 2,
13 2006, move to SA cell #3. As offered by the defendants, this evidence is not improper pursuant to
14 Federal Rule of Evidence 404(b).
15       Second, plaintiff moves to strike Baca's statement that he believed plaintiff was provided a
16 mattress while confined to SA cell #3. Plaintiff argues that Baca cannot testify with personal
17 knowledge that plaintiff had a mattress while he was confined to SA cell #3. Thus, this statement
18 should be stricken from the declaration. (Doc. #262).
19       In response, defendants state that to prove his deliberate indifference claim, plaintiff must
20 prove that Baca had a "sufficiently culpable state of mind." (Doc. #270, citing *Farmer v. Brennan*,
21 511 U.S. 825, 834 (1994)). Baca's knowledge and belief about the conditions of confinement are
22 a necessary element of plaintiff's claims. Accordingly, Baca's belief that plaintiff had a mattress is
23 a defense to plaintiff's claims. (Doc. #270).
24       Baca's state of mind is an element of plaintiff's deliberate indifference claim. *See Farmer*,
25 511 U.S. at 834. Therefore, Baca's statement about his state of mind is material and admissible.
26       Accordingly,
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that *pro se* plaintiff Christopher
2  A. Jones' motion to strike (doc. #262) be, and the same hereby is, DENIED.
3    DATED April 6, 2012.

  *James C. Mahan*
  _____
  UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**