UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHRISTOPHER A. JONES,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>DWIGHT NEVEN,<br><br>　　　　　　　　　　Defendant(s). | Case No. 2:07-CV-1088 JCM (GWF)<br><br>ORDER |

Presently before the court is plaintiff Christopher A. Jones's motion to change venue. (ECF No. 318). Defendant Steven MacArthur filed a non-opposition to plaintiff's motion (ECF No. 320).

**I.    Background**

On July 5, 2012, this court granted defendants' summary judgment motion as to plaintiff's claim that defendants violated his Eighth Amendment rights by: (1) exposing plaintiff to unsafe levels of environmental tobacco smoke; (2) forcing plaintiff to sleep on the floor in a constantly illuminated and noisy solitary cell; and (3) failing to inform plaintiff that he tested positive for hepatitis C. (ECF No. 292). On July 11, 2012, plaintiff appealed to the Ninth Circuit. (ECF No. 295).

On February 1, 2017, the Ninth Circuit issued a memorandum affirming the district court's grant of summary judgment as to counts (1) and (2), but reversed and remanded as to count (3). (ECF No. 312). The mandate was issued on April 17, 2017. (ECF No. 315).

Count (3), the remaining count, involves only defendant Steven MacArthur, the prison doctor who failed to inform plaintiff of his hepatitis C diagnosis while also prescribing him 800 milligrams of ibuprofen daily. (ECF No. 312).

**James C. Mahan**
**U.S. District Judge**

In the instant motion, plaintiff requests the court to transfer his case, and its remaining count, to the federal court in Reno Nevada – the unofficial northern division of the federal district court for the district of Nevada, per Local Rule IA 1-8(a). (ECF No. 318). The remaining defendant is unopposed to the transfer. (ECF No. 320).

**II.  Legal Standard**

Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which the parties have consented."

Pursuant to Local Rule IA 1-6, the state of Nevada constitutes one judicial district with two unofficial divisions: the southern division in Las Vegas and the northern division in Reno. Pursuant to Local Rule IA 1-8(a):

> "In civil rights actions filed by inmates proceeding pro se, the action must be filed in the unofficial division of the court in which the inmate is held when the complaint or petition is submitted for filing. If the inmate is not held in this district, then the action must be filed in the unofficial division of the court in which the events giving rise to a cause of action are alleged to have occurred."

**III.  Discussion**

Here, the events giving rise to count (3) of the cause of action arose at Ely State Prison in 2004, located in Ely, Nevada, which is within the northern division. Because the information relating to his diagnosis was withheld, plaintiff did not bring this claim until after he had been transferred to a different prison in the southern division. Nonetheless, plaintiff is again housed at a prison located in the northern division. Thus, under LR IA 1-8(a), because plaintiff is no longer housed in a prison within the division where the complaint was filed, the action should be filed in the division in which the events giving rise to the cause of action occurred – the northern division.

Additionally, plaintiff, defendant, and witnesses are all currently located in the northern division. Accordingly, plaintiff argues change of venue to the northern division would be most convenient for all parties. Further, defendant Steven MacArthur does not oppose plaintiff's request for change of venue. (ECF No. 320). The court agrees transfer to the federal courthouse in Reno, Nevada within the northern division of the federal district of Nevada is appropriate.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for change of venue (ECF No. 318) be, and the same hereby is, GRANTED.

DATED January 19, 2018.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -