UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER A. JONES,<br><br>Plaintiff,<br><br>v.<br><br>DWIGHT NEVEN, et. al.,<br><br>Defendants. | Case No. 3:18-cv-00033-MMD-WGC<br><br>**ORDER**<br><br>Re: ECF Nos. 329, 330 |

Plaintiff has filed a Motion to Modify the Scheduling Order Per FRCP 16(b) (ECF No. 329), and a corresponding Motion to Amend Pleading Pursuant to FRCP 15(a) (ECF Nos. 330, 330-1 to 330-4). The remaining defendant, Dr. Steven MacArthur, has filed a response to both motions. (ECF Nos. 332, 333.) Plaintiff has filed replies. (ECF Nos. 335, 336.)

For the reasons set forth below, Plaintiff's motions are denied.

## **I. BACKGROUND**

The court will endeavor to summarize the lengthy history of this case, as it pertains to resolution of these motions, as best it can.

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. He originally filed his action in the Eighth Judicial District Court of the State of Nevada in Clark County on May 22, 2007, and the Defendants removed the action to federal court on August 15, 2007. (*See* ECF Nos. 1, 2, 2-1 to 2-3.) The case was assigned to District Judge Mahan and Magistrate Judge Foley. Shortly thereafter, on August 30, 2007, Plaintiff filed an amended complaint. (ECF Nos. 14, 14-1.) The court screened the amended complaint and allowed Plaintiff to proceed with the following claims: (1) an Eighth Amendment deliberate indifference claim in Count I based on allegations concerning housing Plaintiff with a smoker; (2) Eighth Amendment conditions of confinement claims

in Count II regarding allegations of constant illumination and being forced to sleep on a concrete floor; and (3) an Eighth Amendment deliberate indifference claim related to Dr. MacArthur's alleged failure to advise Plaintiff that he tested positive for hepatitis C and regarding any available treatments, as well as a Nevada professional negligence claim based on those same allegations. (ECF No. 34.)

The Defendants filed a motion to dismiss on February 8, 2008. (ECF No. 52.) Plaintiff filed a counter-motion to stay, where he requested a delay in ruling on the motion pursuant to what was then Federal Rule of Civil Procedure 56(f), now 56(d). Plaintiff asserted that he had not had an opportunity to review the exhibits supporting Defendants' motion, or to conduct any discovery.

Judge Foley entered a scheduling order on March 31, 2008, requiring any request to modify the scheduling order or a motion seeking leave to amend to be filed within sixty days absent a showing of good cause. (ECF No. 63.)

On May 14, 2008, Judge Mahan entered an order granting Defendants' motion, and denying Plaintiff's counter-motion to stay. (ECF No. 70.) Insofar as it is relevant to the motions currently pending before the court, the motion was granted as to Count III on the basis that the medical records showed that follow up appointments indicated there was no need for treatment as long as Plaintiff remained asymptomatic, and Plaintiff had never inquired about his lab results. The professional negligence claim was dismissed without prejudice for failing to adhere to the Nevada statute's affidavit requirement.

Plaintiff filed a notice of appeal on June 6, 2008. (ECF No. 71.) The judgment had not been formally entered, and the Ninth Circuit dismissed for lack of jurisdiction; however, the judgment was subsequently entered (ECF No. 80), and Plaintiff filed another notice of appeal (ECF No. 83).

The Ninth Circuit issued its memorandum decision on October 6, 2010. (ECF No. 90.) The Ninth Circuit affirmed the dismissal of the professional negligence claim without prejudice, but otherwise reversed and remanded. The Ninth Circuit concluded: Plaintiff did not have a meaningful opportunity to oppose the motion because the defendants had not served him with the documents filed under seal in support of his motion; he could not obtain and submit rebuttal evidence; the documents ordered attached to the verified amended complaint did not appear in the

record; and, Plaintiff had not been given an opportunity to conduct discovery. The mandate issued on November 4, 2010. (ECF No. 91.)

Defendants answered the amended complaint (ECF No. 103), and another scheduling order issued on January 5, 2011. (ECF No. 104.) Again, any request to modify the scheduling order or motion for leave to amend was to be filed within sixty days, absent a showing of good cause. On January 25, 2011, the court issued an order clarifying the scheduling order deadlines, and stated that any motion to amend was due by March 4, 2011 (absent a showing of good cause). (ECF No. 109.)

On March 4, 2011, Plaintiff filed an amended complaint. (ECF Nos. 178, 178-1, 178-2.) The allegations and exhibits pertaining to Count III were the same, but he sought to revive the professional negligence claim. During this time period, the parties engaged in discovery, motions to compel were filed by the Plaintiff, and discovery was extended. On June 21, 2011, Judge Foley addressed a request by Plaintiff to modify the scheduling order to permit amendment to revive the professional negligence claim. (ECF No. 181.) Judge Foley denied the motion because Plaintiff still had not submitted the required affidavit. This was affirmed by Judge Mahan. (ECF No. 198.)

On November 7, 2011, Plaintiff filed a motion to amend and proposed second amended complaint. (ECF Nos. 231, 231-1.) He asserted that he sought to clarify the defendants involved in Count I, clarify the part defendant Neven purportedly played in Count II, but made no changes relative to Count III. The motion was denied on February 16, 2012. (ECF No. 263.) The court found that the allegations were already included in the amended complaint, making amendment futile, and that amendment would only further delay the action and prejudice the defendants. (ECF No. 263.)

Defendants filed a motion for summary judgment on December 9, 2011. (ECF No. 238, 238-1 to 238-3.) Plaintiff filed his own motion for summary judgment on December 16, 2011. (ECF Nos. 244, 244-1, 244-5, 266.) The court issued an order on July 5, 2012, granting Defendants' motion and denying Plaintiff's motion. (ECF No. 292.) With respect to Count III, the court concluded that Plaintiff did not demonstrate that the delay in informing him he had hepatitis C resulted in further harm since the medical records showed no need for treatment as long as he

remained asymptomatic.

Plaintiff filed a notice of appeal on July 11, 2012. (ECF No. 295.) The Ninth Circuit issued its memorandum more than four and a half years later, on February 1, 2017. (ECF No. 312.) The Ninth Circuit affirmed the grant of summary judgment as to the claims in Counts I and II. With respect to Count III, the Ninth Circuit found that genuine issues of material fact existed as to whether Dr. MacArthur was deliberately indifferent with respect to failing to advise Plaintiff he tested positive for hepatitis C. The court pointed out that he tested positive for hepatitis C in February, March and June of 2004, and during that same period a blood test reflected elevated liver enzymes, but he was not informed he had hepatitis C. Also during that time period, Dr. MacArthur prescribed him 800mg of ibuprofen, three times a day, which posed a significant risk of liver damage to a person with hepatitis C, and according to Plaintiff made him "as sick as a dog." The Ninth Circuit said that a reasonably jury could find that the disregard for the hepatitis C and the contraindicated ibuprofen prescriptions caused unnecessary and wanton infliction of pain. The mandate issued on April 17, 2017, with an order on the mandate on April 24, 2017. (ECF Nos. 315, 317.) As such, the only remaining claim is the Eighth Amendment deliberate indifference claim against Dr. MacArthur in Count III.

Plaintiff filed a motion for change of venue on April 24, 2017, which Defendants did not oppose. (ECF Nos. 318, 320.) On June 2, 2017, the matter was set for a global settlement conference on July 5, 2017. (ECF No. 23.) The parties did not achieve a settlement. (ECF No. 326.)

On January 19, 2018, Judge Mahan granted the motion for change of venue and the case was reassigned to District Judge Du, and the undersigned as Magistrate Judge. (ECF No. 327.) Shortly thereafter, Plaintiff filed the instant motions seeking to modify the scheduling order and file an amended complaint. Plaintiff wants to modify the scheduling order deadline for seeking leave to amend, and file a second amended complaint that he contends does not change the remaining claim or defendant, but only augments the facts and exhibits supporting that claim.

///

///

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 16(b), a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Advisory Committee Notes provide that good cause is shown when the schedule cannot reasonably be met despite the diligence of the party seeking the extension. Advisory Committee Notes to Rule 16 (1983 amendments).

Under Rule 15(a), except for amendments made "as a matter of course," which has long since expired here, amendment requires the opposing party's written consent or leave of court. Fed. R. Civ. P., 15(a)(2). Here, leave to amend is required.

While leave to amend under Rule 15(a) should be freely given, where a motion for leave to amend is filed after entry of the Rule 16 scheduling order deadline, as it is here, the movant cannot "appeal to the liberal amendment procedures afforded by Rule 15." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006). Instead, the movant must "satisfy the *more stringent* 'good cause' showing required under Rule 16." *Id*. (emphasis original). "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order … will not be disturbed unless they evidence a clear abuse of discretion." *C.F. ex. rel. Farnan v. Capistrano Unified School Dist.*, 654 F.3d 975, 984 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1566 (2012).

"A court's evaluation of good cause is *not* coextensive with an inquiry into the propriety of the amendment … Rule 15." *Johnson v. Mammoth Recreations, Inc.*, 975 F.3d 604, 609 (9th Cir. 1992) (citation and quotation marks omitted) (emphasis added). "Unlike Rule 15(a)'s liberal amendment policy …, Rule 16(b)'s 'good cause' standard primarily considers the diligent of the party seeking amendment." *Id*. In other words, "'[t]he focus of the inquiry is upon the moving party's reasons for seeking modification.'" *Farnan*, 654 F.3d at 984 (quoting *Johnson*, 975 F.3d at 609). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

///

Therefore, both the request to modify the scheduling order, and the belated request for leave to amend are governed by the good cause standard, and the focus of the court's inquiry is on Plaintiff's diligence in seeking modification of the scheduling order and leave to amend.

### **III. DISCUSSION**

Both the deadlines to modify the scheduling order and file a motion for leave to amend have long since passed (with the last deadline for both being March 4, 2011). Therefore, Plaintiff must establish good cause in order for the court to grant his motions. As indicated above, the court's inquiry focuses on Plaintiff's diligence.

Plaintiff contends he was diligent because discovery continued up until the date the parties' dispositive motions were filed in December of 2011, and then Defendants' motion was granted on July 5, 2012, and Plaintiff filed his appeal, which was not resolved until 2017. He almost immediately moved for a change of venue, but this was not addressed until January of 2018, and then he sought leave to amend. He now seeks leave to modify the scheduling order to permit him to seek leave to amend to include facts and exhibits he contends he obtained during discovery. He states that he could not have amended before this time because of the dispositive motion and appellate process. Plaintiff represents there is no need to re-open discovery, and most of the exhibits presented were utilized in connection with the dispositive motion briefing, so there will be no prejudice to Defendant.

Dr. MacArthur, on the other hand, asserts that discovery has closed, no further discovery is warranted, dispositive motions have been decided, and no good cause exists to reopen the scheduling order. He further argues that attempting to amend in a decade-old case would cause undue delay and prejudice, particularly where Plaintiff has already amended, and then was denied in his subsequent efforts to amend. Dr. MacArthur contends that the issues in this case have been narrowed and clarified (twice at the Ninth Circuit), and there is no justification for granting leave to amend at this late juncture. Dr. MacArthur also focuses on an exhibit attached to Plaintiff's proposed second amended complaint, the declaration of a person Dr. MacArthur describes as a disgruntled former prison employee, with wild, inflammatory accusations that are unsubstantiated hearsay.

The court has reviewed the amended complaint and the proposed second amended complaint. The basic allegations of the remaining Count III are the same: Plaintiff was in an altercation with his cellmate in early February 2004, that resulted in the exchange of blood; he was given blood draws to test for various things, which revealed Plaintiff had hepatitis C; there is evidence that MacArthur knew this as early as February 9, 2004, but MacArthur failed to advise Plaintiff he had hepatitis C and consequently, did not discuss or provide available treatment. The proposed second amended complaint adds allegations that Plaintiff was admitted to the infirmary for back pain from March 10, 2004 to April 19, 2004, and between March 23, 2004 and April 2, 2004, he was prescribed "massive" doses of ibuprofen, which he claims were contraindicated for someone with hepatitis C. In addition, he alleges that a lab test on March 29, 2004, showed he had elevated liver enzymes.

The proposed second amended complaint also includes various exhibits. Most are not controversial, in the sense that they were either included with the amended complaint or used as exhibits in the previous dispositive motion briefing (consisting of the relevant medical records, lab reports, transfer reports, kites and grievances, MacArthur's responses to Plaintiff's requests for admission, Nevada statutes concerning reporting occurrences of communicable diseases, articles about hepatitis C). What is controversial in Dr. MacArthur's view, however, is the addition of the declaration of former NDOC nursing employee, Lorraine Memory, that was submitted in another action concerning the medical treatment provided to another inmate by Dr. MacArthur. (ECF No. 330-3 at 8-21.)

Essentially, Plaintiff seeks leave to amend at this late juncture to add a few allegations and exhibits that he contends support his Eighth Amendment claim against Dr. MacArthur.

With the focus on Plaintiff's diligence in requesting to modify the scheduling order and seek leave to amend, the problem the court finds with Plaintiff's argument is that the cross-motion for summary judgment he filed in December of 2011 demonstrates that he was in possession of all of the facts he seeks to add now, in 2018. When he filed his motion for summary judgment in December of 2011, Plaintiff specifically referenced and included exhibits concerning the facts that he seeks to add now: that he was prescribed "massive" amounts of ibuprofen, that he had elevated

liver enzyme levels during that timeframe, and that he complained of nausea and vomiting from the ibuprofen. (*See* ECF No. 244 at 89, 92, ECF No. 244-2 at 10, ECF No. 244-4 at 66, 77.) He also referenced and included as an exhibit the declaration of Ms. Memory with that motion. (ECF No. 244-2 at 13-25.) Plaintiff could have asked to modify the scheduling order and moved for leave to amend to add these facts before he filed his dispositive motion in December of 2011, or even concurrently with filing his motion. He did not do so.

Plaintiff also had all of this information when the mandate issued from the Ninth Circuit on April 17, 2017. In fact, the Ninth Circuit discussed the allegations he seeks to add to his pleading in its memorandum decision. He moved for a change of venue to the northern division of the District of Nevada almost immediately after the mandate issued, but took no steps to modify the scheduling order or amend his pleading until the end of January 2018. He notes that he had filed a motion to change venue of the case from the southern to the northern division of the District of Nevada, but there was nothing precluding him from filing a motion to modify the scheduling order and motion for leave to amend while the motion to change venue was pending. Plaintiff was in possession of all of the facts and exhibits he seeks to add now, but failed to present them for consideration by Judge Mahan or Judge Foley, and instead waited until the case was ultimately reassigned.

In light of these facts, the court cannot find that Plaintiff was diligent in trying to modify the scheduling order so he could move for leave to amend to add facts and exhibits that he had in his possession at least as of December 2011. Therefore, the motion to modify the scheduling order and the motion for leave to amend are denied.

The court points out that this disposition does not prevent Plaintiff from seeking to testify or present evidence concerning these facts, recognizing that an attempt to do so may be met with a motion by Dr. MacArthur to exclude such evidence, either in a motion in limine or at trial.

///

///

///

///

## IV. CONCLUSION

The Motion to Modify the Scheduling Order per FRCP 16(b) (ECF No. 329), and the Motion to Amend Pleading Pursuant to FRCP 15(a) (ECF No. 330) are **DENIED**.

**IT IS SO ORDERED.**

DATED: February 26, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE