# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHRISTOPHER A. JONES, ) 3:18-cv-00033-MMD-WGC
      Plaintiff, )
       ) **ORDER**
      vs. ) Re: ECF No. 360
       )
DWIGHT NEVEN, *et al.*, )
      Defendants. )
_____)

      Before the court is Plaintiff's Motion for Appointment of Counsel (ECF No. 360). The argument Plaintiff asserts for appointment of counsel is that "this matter involves complex and technical medical issues concerning ibuprofen-induced hepatotoxicity in patients with chronic hepatitis C along with corresponding scientific data relating thereto. The issue also involves procuring an expert to testify in regards to such matters as, the Plaintiff, as a layman, is not qualified to testify to such matters to properly introduce all of the medically related evidence." (*Id.*)

      As Plaintiff himself acknowledges (*id.* at 2), a litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will grant the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

///

Plaintiff also recognizes that a finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. (ECF No. 360 at 2-3.) Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. The decision of whether to appoint counsel, as Plaintiff also notes, lies with the discretion of the District Court. (ECF No. 360 at 3.)

Plaintiff, as reflected in multiple filings in this case and several others, has indisputably shown an ability to articulate his claims. The court notes Plaintiff's involvement in the following civil rights lawsuits: *Jones v. Bryant, et al.*, 2:12-cv-01578-JAD-NJK; *Jones v. Cox, et al.*, 2:12-cv-02177-GMN-GWF; *Jones v. Lopez, et al.*, 3:98-cv-00316-ECR-RAM; *Jones v. Spring Central Telephone, et al.*, 3:99-cv-00127-ECR-RAM; 3:00-cv-00509-ECR-VPC; *Jones v. Vandenberg, et al.*, 3:01-cv-00220-LRH-VPC; *Jones v. McDaniel, et al.*, 3:03-cv-00032-ECR-RAM; *Jones v. Book, et al.*, 3:03-cv-00276-HDM-VPC; *Jones v. Jensen, et al.*, 3:04-cv-00426-LRH-VPC; *Jones v. Drain, et al.*, 3:05-cv-00278-RAM; *Jones v. McDaniel, et al.*, 3:08-cv-00537-LRH-VPC; and, *Jones v. Skolnik, et al.*, 3:10-cv-00162-LRH-VPC.

With regard to the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

> If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.

The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying the request for appointment of counsel because the Plaintiff failed to establish the case was complex as to facts or law. 789 F.2d at 1331. After some eleven years of litigation, Plaintiff Jones' case has been narrowed down to a single claim for deliberate indifference against Dr. MacArthur. The case as it now stands is not unduly complicated, despite Plaintiff's characterization that it involves "complex and technical medical issues." The issue as phrased by the Ninth Circuit - and upon which appeal *pro se* Plaintiff Jones prevailed - was "whether Defendants were deliberately indifferent to his Hepatitis C

diagnosis." (ECF No. 312 at 2.) [1]

Similarly, with respect to the *Terrell* factors, Plaintiff has failed to convince the court of the likelihood of success on the merits of his claim. Plaintiff asks the court "to take judicial notice and seriously consider the pronouncements and findings in the Ninth Circuit's Memorandum dated Feb.1, 2017 at pp. 2-3 citing in part: A reasonable jury could find that Defendants' disregard for Jones' Hepatitis C, and the contraindicated ibuprofen prescriptions caused Jones 'the unnecessary and wanton infliction of pain.'" (ECF No. 360 at 3.) Plaintiff also states that the evidentiary record and the Ninth Circuit's language above suggests "a strong likelihood in success upon the merits exists." (*Id.*)

The court disagrees with Plaintiff's characterization of the decision of the Court of Appeals. All the Ninth Circuit concluded was that summary judgment was inappropriate because a "reasonable jury could find that Defendants' disregard for Jones' Hepatitis C, and the contraindicated ibuprofen prescriptions caused Jones 'the unnecessary and wanton infliction of pain.'" (citing *Colwell v. Bannister*, 763 F.3d 1060, 1066) (ECF No. 312 at 3.)

While any *pro se* inmate such as Mr. Jones would likely benefit from services of counsel, that is not the standard this court must employ in determining whether counsel should be appointed. *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

The United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

The court does not have the power "to make coercive appointments of counsel." *Mallard v. U. S. Dist. Ct.*, 490 US 296, 310 (1989). Thus, the Court can appoint counsel only under exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) [cert den 130 S.Ct. 1282 (2010)].

---

[1] Plaintiff's motion states that the Hepatitis C issue "also involves procuring an expert to testify in regards to such matters as, the Plaintiff, as a layman, is not qualified to testify to such matters to properly introduce all of the medically related evidence." (ECF No. 360 at 1.) The court has previously addressed and denied the propriety of Plaintiff's request (ECF No. 339) to have an expert appointed by the court. (ECF No. 344.) In the court's minutes of proceedings of March 7, 2018, it was noted that when remanding the case to the District Court for further proceedings that the Ninth Circuit did not direct the District Court to appoint an expert in this matter. (ECF No. 344 at 3.)

3

Those exceptional circumstances do not exist in this case.

Plaintiff's Motion for Appointment of Counsel (ECF No. 360) is **DENIED**.

**IT IS SO ORDERED.**

DATED: May 22, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE